## CIRCUIT COURT OF THE CITY OF ROANOKE

Joseph Carl Walker, Sr.

v.

Mary C. McDaniel Walker

September 22, 1998

Case No. CH98-240

BY JUDGE ROBERT P. DOHERTY, JR.

In this equitable distribution case, husband owned the marital residence prior to the marriage as his sole and separate estate in equity. By deed of gift after marriage, he transferred the real estate to himself and his current wife "as tenants by the entireties as at common law and as recognized by § 55-21, Code of Virginia (1950), as amended." He now claims that the source of funds doctrine allows tracing to determine his separate property in the real estate and that the "Brandenberg formula" should be used to calculate the increase in value of his separate property. Wife claims to own one-half of the real estate by virtue of the deed of gift and argues that the parties had an oral agreement to equally divide the proceeds of the sale of the real estate. Further, wife contends that a judgment against husband incurred during his first marriage, which is a lien on the real estate, should be paid entirely from the husband's share of the land proceeds. The Court finds for the wife on the gift/argument issues and for the husband on the judgment lien issue.

### Deed of Gift

Husband testified that he placed the land in joint ownership with his current wife so that she would inherit at his death. The wife testified that she received a one-half undivided interest in the real estate by the deed of gift. The only other evidence concerning the intent of the parties and how the deed of gift should be construed was the deed itself. Neither fraud nor mistake of fact is alleged in the transaction. "Where … [a deed is clear and unambiguous] a court called upon to construe such a deed should look no further than the four

corners of the instrument under review." *Trailsend Land Co. v. Virginia Holding Corp.*, 228 Va. 319, 325 (1984). Parol evidence will not be allowed to alter or vary the straightforward, precise, and readily understood language of the deed. There is no need to resort to the doctrine of tracing or the "Brandenberg rule" to value of the husband's separate interest in this real estate, as the entire parcel of land was transmuted to marital property upon the signing of the clear and unambiguous deed of gift by the parties. The husband made a gift of his interest in the real estate to the marriage of husband and wife. He no longer has a separate property interest in that land, and therefore, there is nothing to trace.

## Oral Agreement

Notwithstanding the deed of gift, the parties entered into an oral agreement to divide the proceeds of the real estate. Their agreement was proven by the wife's testimony and corroborated by the statements of the two real estate agents and by the written estimate concerning the division of the proceeds, which was signed by both parties. The Court encourages settlement of pending litigation. This agreement between the parties amounted to both an oral settlement of a portion of their pending divorce litigation and a partial oral post-nuptial agreement. The terms of this agreement were reasonably certain, definite, and complete. It was not contemplated by the parties that it would be reduced to writing. "[A]n oral agreement which compromises and settles the property and equitable distribution issues in pending divorce litigation may be a valid and binding contract without reducing it to writing." See *Richardson v. Richardson*, 10 Va. App. 391, 395 (1990). The oral agreement entered into this case was valid and enforceable.

## Judgment Lien

The judgment entered against husband for his first wife's medical bills became a lien on the entire parcel of real estate when it was recorded on the judgment lien docket in the Clerk's Office. Section 8.01-458, Code of Virginia (1950), as amended. This occurred prior in time to the husband's transferring the land to himself and his current wife as tenants by the entirety. When the deed of gift was executed, all of the land was already encumbered by the judgment lien. The current wife received her interest in the real estate subject to that lien. The husband could not transfer a greater interest in the real estate than he himself held. The agreement of the parties to share equally in the proceeds of the real estate sale meant that the parties agreed to divide equally

the money received after payment of all costs of sale, liens, and encumbrances. Therefore, the lien of the judgment is to be paid along with the other encumbrances and normal costs of sale. Any money remaining constitutes the sale proceeds and will be divided equally between the parties.

Husband shall pay the wife's attorney's fees in the amount of $845.00 from his share of the real estate proceeds.